1  Robert A. Feliciano
   Catrina Feliciano
2  1311 S.W. 27th Avenue
   Boynton Beach, Florida 33426
3  (561) 232-5981

4

FILED by _____ CLA___ D.C.

AUG 08 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

5  Attorney for Plaintiffs

12cv80840 Middlebrooks/Brannon

6

7

8              UNITED STATES DISTRICT COURT

9              FLORIDA SOUTHERN DISTRICT

10 ROBERT A. FELICIANO and CATRINA      ) CASE NO.
   FELICIANO,                           )
11                                      )
                      Plaintiffs,       )
12                                      )
   vs.                                  ) COMPLAINT FOR:
13                                      )
   COUNTRYWIDE HOME LOANS, INC.;        ) 1. Wrongful Foreclosure
14 CWMBS, INC.; CHL MORTGAGE PASS-      ) 2. Fraud
   THROUGH TRUST 2005-HYB8; THE         ) 3. Quiet Title
15 BANK OF NEW YORK; MORTGAGE           ) 4. Declaratory Relief
   ELECTRONIC REGISTRATION              ) 5. Violation of the Real Estate and
16 SYSTEMS, INC., ("MERS"); BANK OF     ) Settlement Procedures Act, 12
   AMERICA, N.A.; AND ALL PERSONS       ) U.S.C. §2601, et seq. and the
17 CLAIMING BY, THROUGH OR UNDER        ) Federal Reserve Acts, 24 C.F.R.
   SUCH PERSON, ALL PERSONS             ) §3500, et seq.
18 UNKNOWN, CLAIMING ANY LEGAL          ) 6. Violation of TILA, 15 U.S.C.
   OR EQUITABLE TITLE, ESTATE, LIEN     ) §1641(g)
19 OR INTEREST IN THE PROPERTY          )
   DESCRIBED IN THE COMPLAINT           )
20 ADVERSE TO PLAINTIFFS TITLE          )
   THERETO;  And  DOES 1 to 20, Inclusive, )
21                                      )
                      Defendants.       )
22                                      )
                                        )
23 _____  )

24      COMES NOW the Plaintiffs, ROBERT A. FELICIANO and CATRINA

25 FELICIANO ("Plaintiffs"), complaining against the Defendants, and each of them, as

26 follows:

27                          **INTRODUCTION**

28      1.     This is an action brought by Plaintiffs for declaratory judgment,

1  injunctive and equitable relief, and for compensatory, special, general and punitive
2  damages.  Plaintiffs seek to quiet title as of a date to be determined.

3      2.      Plaintiffs, dispute the title and ownership of the real property in question
4  (the "property"), which is the subject of this action, in that the originating mortgage
5  lender, and others alleged to have ownership, have unlawfully sold, assigned and/or
6  transferred their ownership and security interest in a Promissory Note and mortgage
7  related to the Property, and, thus, do not have lawful ownership or a security interest
8  in Plaintiffs' Home which is described in detail herein.

9      3.      Plaintiffs allege that Defendants, and each of them, cannot show proper
10  receipt, possession, transfer, negotiations, assignment and ownership of the
11  borrower's original Promissory Note and Mortgage, resulting in imperfect security
12  interests and claims.

13      4.      Plaintiffs further allege that Defendants, and each of them, cannot
14  establish possession and proper transfer and/or endorsement of the Promissory Note
15  and proper assignment of the Mortgage herein; therefore, none of the Defendants have
16  perfected any claim of title or security interest in the Property.  Defendants, and each
17  of them, do not have the ability to establish that the mortgages that secure the
18  indebtedness, or Note, were legally or properly acquired.

19      5.      Plaintiffs allege that an actual controversy has arisen and now exists
20  between the Plaintiffs and Defendants, and each of them.  Plaintiffs desire a judicial
21  determination and declaration of its rights with regard to the Property and the
22  corresponding Promissory Note and Mortgage.

23      6.      Plaintiffs also seek redress from Defendants identified herein below for
24  damages, for other injunctive relief, and for cancellation of written instruments based
25  upon:

26          a.      An invalid and unperfected security interest in Plaintiffs' Home
27  hereinafter described;

28          b.      Void "True Sale(s)" violating New York law and express terms of

1   the Pooling and Servicing Agreement ("PSA") governing the securitization of

2   Plaintiff's mortgage, which is a Trust Agreement required to be filed under penalty of

3   perjury with the United States Securities and Exchange Commission ("SEC") and

4   which, along with another document, the Mortgage Loan Purchase Agreement

5   ("MLPA"), is the operative securitization document created by the finance and

6   securitization industry to memorialize securitization transactions (see further

7   discussion of the PSA herein);

8           c.     An incomplete and ineffectual perfection of a security interest in

9   Plaintiff's Home;

10           d.     A void or voidable Mortgage due to improper securitization, for

11   which there is a reasonable apprehension that, if left outstanding, will cause a serious

12   injury to Plaintiff's title interests.

13   **THE PARTIES**

14        7.     Plaintiffs are now and at all relevant times to this action, a resident of the

15   County of Palm Beach, State of Florida.

16        8.     Plaintiffs are further informed and believe, and thereon allege, that

17   COUNTRYWIDE HOME LOANS, INC., is the Originator of the loan and/or

18   purported participant in the in the imperfect securitization of the Note (incorporated

19   by reference herein) and/or Mortgage, (incorporated by reference herein), as more

20   particularly described in this Complaint.

21        9.     Plaintiffs are further informed and believe and thereon allege that

22   Defendant BANK OF AMERICA, N.A. is the present purported Master Servicer of

23   the mortgage herein and/or is a purported participant in the imperfect securitization of

24   the Note (incorporated by reference herein)  and/or the Mortgage, (incorporated by

25   reference herein), as more particularly described in this Complaint.

26        10.    Plaintiffs are informed and believe, and thereon allege that CHL

27   MORTGAGE PASS-THROUGH TRUST 2005-HYB8 is a Real Estate Mortgage

28   Investment Conduit ("REMIC") Trust.  Plaintiffs are further informed and believe that

THE BANK OF NEW YORK MELLON is the purported Trustee for CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 the REMIC Trust and/or a purported participant in the imperfect securitization of the Note and/or the Mortgage as more particularly described in this Complaint.

11.    Plaintiffs are further informed and believe, and thereon allege, that Defendant MERS is the purported Beneficiary under the Mortgage or mortgage associated with Plaintiff's Note and/or is a purported participant in the imperfect securitization of the Note and/or the Mortgage, as more particularly described in this Complaint.

12.    At all times relevant to this action, Plaintiffs have owned the Property located at 1311 S.W. 27th Avenue - Boynton Beach, Florida 33426 (the "Property").

13.    Plaintiffs do not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 20, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiffs, or claims some right, title, or interest in the Property.  Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe, and therefore allege, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiffs so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

14.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-venturers of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

### JURISDICTION

15.    The transaction and events which are the subject matter of this Complaint all occurred within the County of Palm Beach, State of Florida.

16.     Plaintiff's property is located at 1311 S.W. 27th Avenue - Boynton Beach, Florida 33426 (the "property"). The Property is located within the County of Palm Beach, State of Florida.

17.     The court has jurisdiction under 28 U.S.C. §1331 (federal question); 15 U.S.C. §1601, et seq (TILA); 15 U.S.C. §1692, Fair Debt Collection Practices Act; 12 U.S.C §2601 (RESPA); 28 U.S.C §1367 (Supplemental Jurisdiction) and the Home Ownership and Equity Protection Act ("HOEPA") 12 U.S.C. §1461 et seq.

18.     This court also has jurisdiction under all applicable federal jurisdiction involving financial institutions involved in the mortgage fraud area such as the Mortgage Fraud Act under 18 U.S.C §1006 (2007).

## FACTUAL ALLEGATIONS

19.     Plaintiffs are also informed and believe and thereon allege that at all times mentioned herein any assignment of the Mortgage without proper transfer of the obligation that securitization is a legal nullity.

20.     Plaintiffs, therefore, allege, upon information and belief, that none of the parties to neither the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiffs' estate.

21.     Plaintiffs, dispute the title and ownership of the real property in question (the "Property"), which is the subject of this action, in that the originating mortgage lender, COUNTRYWIDE HOME LOANS, INC. sold, assigned and/or transferred its ownership interest in the Promissory Note ("Note") related to the Property to COUNTYWIDE HOME LOANS, INC. at or about the time the original Note was executed by Plaintiffs. Thereafter, COUNTYWIDE HOME LOANS, INC. sold the Note to CWMBS, INC. Finally, the Note was sold to the CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 the "Trust") with THE BANK OF NEW YORK MELLON acting as Trustee of the Trust on behalf of the Certificate Holders for that trust.   However, COUNTYWIDE HOME LOANS, INC. did not assign the

Mortgage to COUNTYWIDE HOME LOANS, INC. CWMBS, INC. or CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 as part of the sale of the underlying Note. Furthermore, COUNTRYWIDE HOME LOANS, INC. never assigned the beneficial ownership of the Mortgage to any party. As a result of the transfer and assignment of the Note from COUNTRYWIDE HOME LOANS, INC. to the other parties listed above, the security interest in Plaintiff's property known as the Mortgage and or mortgage was terminated as described in detail herein.

22.     Plaintiffs allege that CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 is the last known "owner" of the Promissory Note executed by the Plaintiffs based upon the above referenced sale.

23.     Despite the sale of the Note to CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 COUNTRYWIDE HOME LOANS, INC. failed to transfer the physical Note to CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 or to provide said Note to CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 in bearer form. Therefore, Plaintiffs allege that the Defendants, and each of them, cannot show proper receipt, possession, transfer, assignment and/or ownership of the Plaintiff's original Promissory Note and Mortgage, resulting in imperfect security interest and claims against Plaintiff's title.

24.     Plaintiffs further allege that Defendant COUNTRYWIDE HOME LOANS, INC. and each of them, cannot establish possession and/or proper transfer and/or endorsement of the Promissory Note and proper assignment of the Mortgage herein either to CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 or to any prior owners of the subject Promissory Note in the chain of title; therefore, none of the Defendants have perfected any claim of title or security interest in the property. Defendants and each of them do not have the ability to establish that the Mortgage or mortgage that secured the Note were legally or properly acquired by Defendants.

25.     Plaintiffs further allege that Defendant CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 may have sold the subject Note to a third party

1    and/or additional parties thereby further distancing the ownership of the subject Note

2    from COUNTRYWIDE HOME LOANS, INC.. Furthermore, the sale of the Note by

3    COUNTRYWIDE HOME LOANS, INC. to at least two intermediary parties

4    [COUNTYWIDE HOME LOANS, INC. and CWMBS, INC.] prior to the sale of same

5    Note to CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 renders the

6    current Mortgage/mortgage securing the original loan invalid.

7           26.    Plaintiffs further allege that the Mortgage is legally void in that the

8    original beneficiary of that Mortgage, the lender on the originating Note, has been

9    paid in full.   In fact, COUNTRYWIDE HOME LOANS, INC., originated the

10   underlying loan for Plaintiff's property and immediately sold the loan Note to

11   COUNTYWIDE HOME LOANS, INC. As a result of that sale, the original loan was

12   actually paid off.   This pay off the underlying original Note entered into by and

13   between Plaintiffs and COUNTRYWIDE HOME LOANS, INC., renders the current

14   Mortgage null and void.

15          27.    Plaintiffs allege that an actual controversy has arisen and now exists

16   between Plaintiffs and Defendants, and each of them.   Plaintiffs desire judicial

17   determination and declaration of its rights with regard to the property and the

18   corresponding Promissory Note and Mortgage.

19          28.    Plaintiffs seek redress from Defendants identified herein below for

20   damages, for other injunctive relief, and for cancellation or nullification of the Deeds

21   of Trust and/or liens or mortgages on title based upon:

22                 (a)    After originating the loan, COUNTRYWIDE HOME LOANS,

23   INC. sold Plaintiffs' Note to COUNTYWIDE HOME LOANS, INC. and does not

24   own the Note originally signed by the Plaintiffs;

25                 (b)    Thereafter, COUNTRYWIDE HOME LOANS, INC. sold the Note

26   to CWMBS, INC.

27                 (c)    After the sale of the Promissory Note to CWMBS, INC., neither

28   COUNTRYWIDE HOME LOANS, INC. nor COUNTYWIDE HOME LOANS, INC.

1  retained any interest in the subject Note. Therefore, the Mortgage became invalid;

2        (d)    After the sale of the Note to COUNTYWIDE HOME LOANS,

3  INC., COUNTRYWIDE HOME LOANS, INC. retained ownership of the Note due to

4  the fact that the Note was never legally transferred to COUNTYWIDE HOME

5  LOANS, INC. or to any other legal entity due to the negligent handling of the Note in

6  question.

7        (e)    Neither CHL MORTGAGE PASS-THROUGH TRUST 2005-

8  HYB8 nor any other party to this transaction has legal ownership of the Note due to

9  the fact that CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 never

10  received an endorsed assignment of the Note from COUNTRYWIDE HOME

11  LOANS, INC. or ever took legal possession of the Note;

12        (f)    Plaintiffs further allege that the original Mortgage that secured the

13  Promissory Note listed MERS as the beneficiary.

14        (g)    Plaintiffs allege that when COUNTRYWIDE HOME LOANS,

15  INC. sold the Note to COUNTYWIDE HOME LOANS, INC. the original Note was

16  separated from the Mortgage.  As a result of this separation, the mortgage no longer

17  secures the original Note.

18        (h)    Plaintiffs allege that MERS does not have the legal right to

19  substitute in a new Trustee for the Mortgage instrument since only the owner of the

20  Note has that power.   Plaintiffs allege that MERS has never been given any written

21  instructions by the current owners of the Note to substitute out the original Trustee in

22  favor of a substitute Trustee of the Mortgage.

23        (i)    Plaintiffs allege that MERS does not have the legal right to transfer

24  the Mortgage instrument due to the fact that MERS does not own the Note and

25  therefore cannot legally convey title of the mortgage instrument to a third party.  In

26  addition, only the Trustee of the Mortgage has the power and authority to assign the

27  legal ownership of the Mortgage to a third party.   MERS has never been appointed

28  the Trustee of the Mortgage.

29.   Plaintiffs allege that neither COUNTYWIDE HOME LOANS, INC., CWMBS, INC. or any other party has any legal ownership of the Mortgage instrument based upon the fact that COUNTRYWIDE HOME LOANS, INC. never assigned the Mortgage to CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 or in any manner attempted to transfer ownership of the Mortgage to any party.  Therefore, the beneficiary of the Mortgage has no legal relationship to either COUNTRYWIDE HOME LOANS, INC., COUNTYWIDE HOME LOANS, INC., CWMBS, INC. or CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 the alleged current owner of the Note.

30.   After COUNTRYWIDE HOME LOANS, INC. sold the Note, the Note became separated from the Mortgage instrument.  Due to the separation of ownership of this Note after sale by COUNTRYWIDE HOME LOANS, INC. to COUNTYWIDE HOME LOANS, INC., the beneficiary of the Mortgage no longer had any legal relationship with the Note.  Therefore, neither the original beneficiary of the Mortgage nor any purported assignees of the Mortgage to any other parties have the legal right to foreclose on the property.  Any such foreclosure violates both state and federal law due to the fact that only the owner of the Note can legally foreclose or instruct a third party to foreclose upon a Mortgage.

31.   Plaintiffs further allege that the original beneficiary of the Mortgage instrument, MERS is not legally entitled to transact any business in the State of Florida or any other state since it is no longer a valid legal entity having changed or amended its corporate name to MERSCORP, Inc. on or about May 12, 2003. Plaintiffs allege that this amendment requires MERS to transact all business as MERSCORP after 2004.  Any and all legal actions taken by MERS after 2004 are legally void.  The State of Florida states that MERS is no longer registered to do business in this state. Therefore, it cannot assign legal interests or in any way participate in the foreclosure of any properties.

32.   Plaintiffs are informed and believe, and thereon alleges, that this loan was

securitized, with the Note not being properly transferred to Defendant, THE BANK OF NEW YORK MELLON acting as the Trustee for the Securitized Trust.  As set forth herein above, the Securitized Trust was formed by execution of a "Pooling and Serving Agreement" (PSA).

33.     Plaintiffs are informed and believe, and thereon allege, that the purchase mortgage on the Property, the debt or obligation evidenced by the Note and the Mortgage executed by Plaintiffs in favor of the original lender and other Defendants, regarding the Property, was not properly assigned and transferred to Defendants operating the pooled mortgage funds or trusts in accordance with the PSA of the entities making and receiving the purported assignments to this trust.

34.     Plaintiffs allege that the PSA requires that each Note or Mortgage had to be endorsed and assigned, respectively, to the trust and executed by multiple intervening parties before it reached the Trust.  Here, neither the Note nor the Mortgage was assigned to the Securitized Trust by the closing date.  Therefore, under the PSA, any assignments of the Mortgage beyond the specified closing date for the Trust are void.

35.     Plaintiffs further allege that even if the Mortgage had been transferred into the Trust by the closing date, the transaction is still void as the Note would not have been transferred according to the requirements of the PSA, since the PSA requires a complete and unbroken chain of transfers and assignments to and from each intervening party.  Documents filed with the SEC by the securitization participants allegedly claim that the Note and Mortgage at issue in this case were sold, transferred and securitized by Defendants, with other loans and mortgages with an aggregate principal balance in excess of $100,000,000 into CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 which is a Common Law Trust formed pursuant to New York law.  A copy of the Prospectus Supplement can be found at the site indicated below.

36.     Plaintiffs are informed and believe, and thereon allege, that CHL

MORTGAGE PASS-THROUGH TRUST 2005-HYB8 had no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates of investment as described in the Prospectus identified herein below. A detailed description of the mortgage loans which form CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 is included in Form 424B5 ("the Prospectus"), which has been duly filed with the SEC and which can be accessed through the below mentioned footnote.1

37.   Plaintiffs also allege that the Note was secured by the Mortgage. Plaintiffs allege that as of the date of the filing of this Complaint, the Mortgage had not been legally assigned to any other party or entity.

38.   Plaintiffs are informed and believe, that Defendant THE BANK OF NEW YORK MELLON, alleges that it is the "holder and owner" of the Note and the beneficiary of the Mortgage. However, the Note and Mortgage identify the mortgagee and note holder as the original lending institution or Mortgage Originator. Documents registered with the Securities and Exchange Commission (SEC) state that the original lender allegedly sold the mortgage loan to COUNTYWIDE HOME LOANS, INC. which sold the note to CWMBS, INC. Finally, CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8, the securitized REMIC Trust purchased the Note.

39.   Plaintiffs further allege that no documents or records can be produced that demonstrate that prior to the closing date for the purchase of the Note by CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8, the Note was duly endorsed, transferred and delivered to CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8, including all intervening transfers. Nor can any documents or records be produced that demonstrate that prior to the closing date, the Mortgage was duly assigned, transferred and delivered to CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8, including all intervening assignments.

40.   Plaintiffs further allege that any documents that purport to transfer any

---

1  http://www.sec.gov/Archives/edgar/data/815018/000116231807000567/m0565424b5.htm

interest in the Note to CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 after the Trust closing date are void as a matter of law, pursuant to New York trust law and relevant portions of the PSA.

41.     The link to the SEC and the various documents filed with the SEC regarding the Note are: SEC Website: http://www.sec.gov.

42.     Plaintiffs are further informed and believes, and thereon alleges, that the purported assignments and transfers of Plaintiffs' debt or obligation did not comply with New York law, and/or other laws and statutes, and, thus, do not constitute valid and enforceable "True Sales." Any security interest in the Property was, thus, never perfected. The alleged holder of the Note is not the beneficiary of the Mortgage. The alleged beneficiary of Plaintiff's Mortgage does not have the requisite title, perfected security interest or standing to proceed; and/or is not the real party in interest with regard to any action taken or to be taken against the Property.

43.     Plaintiffs are also informed and believe, and thereon alleges, that at all times herein mentioned, and any assignment of a Mortgage without proper transfer of the obligation that it secures is a legal nullity.

44.     As set forth hereinabove, Defendants, and each of them, violated the express terms of the PSA which is a Trust Agreement and which, along with another document, the Mortgage Loan Purchase Agreement, is the operative securitization document created by the finance and securitization industry to memorialize a particular securitization transaction. The PSA specifies the rights and obligations of each party to the securitization transaction to each other, and is a public document on file with the SEC. More specifically, the PSA requires strict compliance with its procedures and timelines in order for the parties to achieve their specific objectives.

45.     Securitization is the process whereby mortgage loans are turned into securities, or bonds, and sold to investors by Wall Street and other firms. The purpose is to provide a large supply of money to lenders for originating loans, and to provide investments to bond holders which were expected to be relatively safe. The procedure

1  for selling of the loans was to create a situation whereby certain tax laws known as the

2  Real Estate Mortgage Investment Conduit (hereinafter "REMIC") Act were observed,

3  and whereby the Issuing Entities and the Lenders would be protected from either

4  entity going into bankruptcy.    In order to achieve the desired "bankruptcy

5  remoteness," two "True Sales" of the loans had to occur, in which loans were sold and

6  transferred to the different parties to the securitization.

7       46.    A "True Sale" of the loan would be a circumstance whereby one party

8  owned the Note and then sold it to another party.  An offer would be made, accepted

9  and compensation given to the "seller" in return for the Note.  The Notes would be

10 transferred, and the Deeds of Trust assigned to the buyers of the Note, with an

11 Assignment made every step of the way, and, furthermore, each Note would be

12 endorsed to the next party by the previous assignee of record.

13      47.    In order for the Trustee of the Securitized Trust to have a valid and

14 enforceable secured claim against Plaintiffs' Home, the Trustee must prove and certify

15 to all parties that, among other things required under the PSA:

16           a.    There was a complete and unbroken chain of endorsements and

17 transfers of the Note from and to each party to the securitization transaction (which

18 should be from the (A) Mortgage Originator to the (B) Sponsor to the (C) Depositor to

19 the (D) Trust, and that all of these endorsements and transfers were completed prior to

20 the Trust closing dates (see discussion below); and

21           b.    The Trustee of the Securitized Trust had actual physical possession

22 of the Note at that point in time, when all endorsements and assignments had been

23 completed.  Absent such proof, Plaintiffs allege that the Trust cannot demonstrate that

24 it had perfected its security interest in Plaintiff's Home that is the subject of this

25 action. Therefore, if the Defendants, and each of them, did not hold and possess the

26 Note on or before the closing date of the Trust herein, they are estopped and precluded

27 from asserting any secured or unsecured claim in this case.

28      48.    Plaintiffs are informed and believe, and thereon allege, that pursuant to the

1    terms of the PSA, the Mortgage Originator (i.e., the original lender herein) agreed to
2    transfer and endorse to the Trustee for the Securitized Trust, without recourse,
3    including all intervening transfers and assignments, all of its right, title and interest in
4    and to the mortgage loan (Note) of Plaintiffs herein and all other mortgage loans
5    identified in the PSA.

6        49.    Plaintiffs are further informed and believe, and thereon allege, that the
7    PSA provides that the transfers and assignments are absolute, were made for valuable
8    consideration, to wit, in exchange for the certificates described in the PSA, and were
9    intended by the parties to be a bona fide or "True Sale."  Since, as alleged herein
10   below, True Sales did not actually occur, Plaintiffs allege that the Defendant Trustees
11   are estopped and precluded from asserting any secured or unsecured claim in this case.

12       50.    Plaintiffs are further informed and believe, and thereon allege, that as a
13   result of the PSA and other documents signed under oath in relation thereto, the
14   Mortgage Originator, COUNTRYWIDE HOME LOANS, INC., the "Sponsor"
15   COUNTYWIDE HOME LOANS, INC. and the "Depositor" CWMBS, INC. are
16   estopped from claiming any interest in the Note that is allegedly secured by the
17   Mortgage on Plaintiffs' Home herein.

18       51.    Plaintiffs are informed and believe, and thereon allege, that pursuant to
19   the terms of the PSA, the Mortgage Originator (i.e., the original lender herein) agreed
20   to transfer and endorse to the Trustee for the Securitized Trust, without recourse,
21   including all intervening transfers and assignments, all of its right, title and interest in
22   and to the mortgage loan (Note) of Plaintiffs herein and all other mortgage loans
23   identified in the PSA.

24       52.    Plaintiffs are informed and believe, and thereon allege, that the Note in
25   this case and the other mortgage loans identified in the PSA, were never actually
26   transferred and delivered by the Mortgage Originator to the Sponsor or to the
27   Depositor nor from the Depositor to the Trustee for the Securitized Trust. Plaintiffs
28   further allege, on information and belief, that the PSA herein provides that the

Mortgage Files of the Mortgages were to be delivered to CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8, which Mortgage Files include the original Deeds of Trust, herein.

53. Based upon the foregoing, Plaintiffs are further informed and believe, and thereon allege, that the following deficiencies exist, in the "True Sale" and securitization process as to this Mortgage which renders invalid any security interest in the Plaintiffs' mortgage, including, but not limited to:

a. The splitting or separation of title, ownership and interest in Plaintiffs' Note and Mortgage of which the original lender is the holder, owner and beneficiary of Plaintiffs' Mortgage;

b. When the loan was sold to each intervening entity, there were no Assignments of the Mortgage to or from any intervening entity at the time of the sale. Therefore, "True Sales" could not and did not occur;

c. The failure to assign and transfer the beneficial interest in Plaintiffs' Mortgage to THE BANK OF NEW YORK MELLON, in accordance with the PSA of the Defendants, as Securitization Participants;

d. The failure to endorse, assign and transfer Plaintiff's Note and/or mortgage to Defendant THE BANK OF NEW YORK MELLON, as Trustee for CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8, in accordance with the PSA;

e. No Assignments of Beneficiary or Endorsements of the Note to each of the intervening entities in the transaction ever occurred, which is conclusive proof that no true sales occurred as required under the PSA filed with the SEC; and

f. Defendants, and each of them, violated the pertinent terms of the PSA.

54. Plaintiffs, therefore, allege, upon information and belief, that none of the parties to neither the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiffs' estate.

## FIRST CAUSE OF ACTION

## WRONGFUL FORECLOSURE

## (AGAINST ALL DEFENDANTS)

55.　Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

56.　An actual controversy has arisen and now exists between Plaintiffs and Defendants specified hereinabove, regarding their respective rights and duties, in that Plaintiffs contends that Defendants, and each of them, do not have the right to foreclose on the Property because none of the Defendants and each of them, do not own the Note of have any legal relationship to the Note despite the fact that CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 purchased the Note from the Depositor, CWMBS, INC.. Thus, the purported power of sale as specified by the Mortgage in the underlying case no longer applies. Without the ownership of the Note, the beneficiary of the Mortgage cannot foreclose. Plaintiffs further contend that the above specified Defendants, and each of them, do not have the right to foreclose on the Property because said Defendants, and each of them, do not own the Note executed by Plaintiffs originally.

57.　Plaintiffs are informed and believe and there upon allege that the only individual entity which may have standing to foreclose is CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8. Based upon the general business plan operation of CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8, all Notes were packaged and sold to Real Estate Mortgage Investment Conduit ("REMIC") Trusts such CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8. Each REMIC Trust purchased insurance to cover the risk of default. Plaintiffs allege that the Note in question was paid off upon Plaintiff's default in payments as defined by the PSA, CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 applied for payment through DOE 1 insurance carrier and received payment for the entire past due principal and interest due on Plaintiff's Note. Furthermore, the originator of the loan,

1  COUNTRYWIDE HOME LOANS, INC. as well as CHL MORTGAGE PASS-
2  THROUGH TRUST 2005-HYB8 are no longer in existence or doing business.  In
3  fact, Plaintiffs allege that all parties who have participated in the origination of or sale
4  and purchase of the Note have ceased business operations or have filed for bankruptcy
5  protection.  Plaintiffs further allege that CHL MORTGAGE PASS-THROUGH
6  TRUST 2005-HYB8 ceased doing business when its existence was terminated by the
7  sale or pay off of all loans it purchased through the securitization process.

8      58.    Plaintiffs request that this Court find that the purported power of sale
9  contained in the Note and Mortgage has no force and effect at this time, because
10  Defendants' have no legal right to foreclose under federal or state law.  In addition,
11  the Mortgage no longer has any validity and cannot be used for foreclosure after
12  COUNTRYWIDE HOME LOANS, INC. sold the loan to COUNTYWIDE HOME
13  LOANS, INC.  Once the original loan was paid in full the Mortgage became legally
14  invalid.  Similarly, when default insurance provided by the insurance carrier paid
15  CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 the entire balance of
16  principal and interest owed by Plaintiffs, the entire loan obligation disappeared.  No
17  party to this action can enforce a Note that has been paid off by default insurance as
18  alleged in this complaint.

19      59.    Since the creation of Plaintiffs' Note herein and Mortgage, Defendant
20  MERS was named the "beneficiary" of the Mortgage.

21      60.    Plaintiffs are informed and believe, and thereon allege, that Defendant
22  MERS lacks the authority under its corporate charter to foreclose a mortgage, or to
23  own or transfer an interest in a securitized mortgage because MERS charter limits
24  MERS powers and duties to function as an electronic registration system of certain
25  types of securities.

26      61.    Plaintiffs are informed and believe, and thereon allege, that in order to
27  conduct a foreclosure action, a person or entity must have standing.  Pursuant to the
28  Mortgage only the lender has the power to exercise the power of sale.  No other party

1 | has standing to foreclose upon Plaintiff's Note.

2 |       62.    Plaintiffs are informed and believe, and thereon allege, that pursuant to
3 | state law, to perfect the transfer of mortgage paper as collateral, the owner should
4 | physically deliver the note to the transferee. Without physical transfer, the sale of the
5 | note is invalid as a fraudulent conveyance or as unperfected.

6 |       63.    The Note in this action identifies the entity to whom it was payable, the
7 | original lender COUNTRYWIDE HOME LOANS, INC. That lender was paid in full
8 | by COUNTYWIDE HOME LOANS, INC. when that entity bought the Note from
9 | COUNTRYWIDE HOME LOANS, INC. Therefore, the Note was originally paid in
10 | full by COUNTYWIDE HOME LOANS, INC. and later by the insurance carrier after
11 | CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 made an application
12 | under its insurance policy for full payment of principal and interest of Plaintiff's loan
13 | after Plaintiffs defaulted on his mortgage obligations. After CHL MORTGAGE
14 | PASS-THROUGH TRUST 2005-HYB8 was paid the entire balance of the Note by
15 | the insurance carrier the Note had been paid in full and no obligation is currently
16 | owed by Plaintiffs.

17 |       64.    Defendants, and each of them, cannot produce any evidence that the
18 | Promissory Note has been transferred to any party. Furthermore, Defendants and
19 | each of them cannot produce any evidence that they have any legal contractual rights
20 | to the current Note holder, CHL MORTGAGE PASS-THROUGH TRUST 2005-
21 | HYB8. Therefore, Defendant, MERS can only transfer whatever interest it had in the
22 | Mortgage. MERS is not the lender and MERS is not the owner of the underlying
23 | security. MERS is merely been set up as a conduit to assist in the transfer of
24 | ownership of the Mortgage to subsequent purchasers of the Note. Currently, MERS
25 | has no contractual relationship to the owner of the Note. The Promissory Note and
26 | Mortgage are inseparable: an assignment of the Note to COUNTYWIDE HOME
27 | LOANS, INC. and any other later assignment to other parties including CHL
28 | MORTGAGE PASS-THROUGH TRUST 2005-HYB8 through the sale from

1  COUNTRYWIDE HOME LOANS, INC. invalidates any transactions taken by MERS
2  as a beneficiary of the Mortgage due to the fact that MERS has never received any
3  instruction from CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 to
4  foreclose upon the Note.  In addition, neither have ever entered into any contractual
5  relationship with MERS which has authorized MERS to perform any legal act.

6      65.    Defendant MERS has failed to submit documents authorizing MERS as
7  nominee for the original lender, to assign the subject mortgage to any party.  Hence,
8  MERS lacks authority as a mere nominee to assign Plaintiffs' mortgage, making the
9  assignment of the Mortgage to any party null and void.  Furthermore, MERS has
10 never recorded with the local County Recorder's Office any notice of any alleged and
11 defective assignment of any interest in the Mortgage or mortgage to any third parties
12 in violation of state and federal law.

13     66.    In the instant action, MERS as the nominee not only lacks authority to
14 assign the mortgage, but cannot demonstrate that COUNTRYWIDE HOME LOANS,
15 INC. or CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 had knowledge
16 of or consented to the assignment by MERS of the Mortgage.  In fact, the Mortgage
17 states that only the Lender beneficiary can foreclose.  In every case involving MERS,
18 MERS is not the beneficiary of the loan nor the owner of the Note.  Therefore, MERS
19 cannot participate or assign to any third party the ability to foreclose based upon the
20 Mortgage or Mortgage.

21     67.    The attempt by MERS to transfer the beneficial interest of a trust deed
22 without actual ownership of the underlying Note, is void under law.  Therefore,
23 Defendant, MERS cannot establish that it is entitled to foreclose or assign the
24 foreclosure practice to any third party. For this reason, as well as the other reasons set
25 forth herein below, MERS cannot transfer an interest in real property, and could not
26 foreclose upon Plaintiffs property.  Furthermore, no entity or company assigned by
27 MERS the rights under the Mortgage can foreclose since MERS has no power to
28 properly assign the Mortgage without ownership of the Note.

68.     Defendants, and each of them, through the actions alleged above, have illegally commenced foreclosure under the Note on the Property via a foreclosure action supported by false or fraudulent documents in violation of the Florida Penal Code.  Neither MERS or any Trustee appointed by MERS has the legal right to foreclose since none own the Note or had any legal relationship with CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8, the last owner of the Note— since paid off by insurance.

69.     The wrongful conduct of the above specified Defendants, and each of them, unless restrained and joined by an Order of this Court, will continue to cause great and irreparable harm to Plaintiffs.  The Plaintiffs will not have the beneficial use and enjoyment their Home and will lose the Property.

70.     Plaintiffs have no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiffs. Plaintiffs have suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined because real property is inherently unique and it will be impossible for Plaintiffs to determine the precise amount of damage it will suffer.

## SECOND CAUSE OF ACTION

## FRAUD

### (Against All Defendants and Does 1-20)

71.     Plaintiffs re-allege and incorporated by reference all preceding paragraphs as though fully set forth herein.

72.     Defendants, specifically Defendant BANK OF AMERICA, N.A., THE BANK OF NEW YORK MELLON, and others intentionally misrepresented to Plaintiffs that it was entitled to receive mortgage payments from Plaintiffs based upon mortgage statements sent to Plaintiffs by BANK OF AMERICA, N.A.  In fact, Defendants were not entitled to receive mortgage payments as BANK OF AMERICA, N.A. did not have equitable, or actual beneficial interest in the Note or the property.

1  In addition, BANK OF AMERICA, N.A. did not have a contractual right to receive

2  those payments under any contractual rights received from CHL MORTGAGE PASS-

3  THROUGH TRUST 2005-HYB8. All Defendants knew that the Note in question had

4  been paid off in full as a result of the application for mortgage default insurance by

5  CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8.

6       73.    All Defendants misrepresented that they are the "holder and owner" of

7  the Note and/or the beneficiary of the Mortgage.  However, this was not true and was

8  a misrepresentation of material fact.  Defendants were attempting to collect on a debt

9  to which they have no legal, equitable or pecuniary interest in.  This type of conduct is

10  outrageous.  Defendants are fraudulently foreclosing on a property which they have no

11  monetary or pecuniary interest.  No party is entitled to receive mortgage payments

12  from the Plaintiffs since the original Note has been paid off at least twice:  Once by

13  COUNTYWIDE HOME LOANS, INC. when it purchased the Note and then again

14  when the Note was paid off by default insurance taken out by CHL MORTGAGE

15  PASS-THROUGH TRUST 2005-HYB8.

16       74.    Defendant's failure to disclose the material terms of the transaction

17  between COUNTYWIDE HOME LOANS, INC. and COUNTYWIDE HOME

18  LOANS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8, and

19  CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 and DOE 1 whereby

20  CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 bought the Note is a

21  violation of RESPA as well as other federal laws instituted to protect homeowners and

22  provide them with notice of the sale of their loans.   In fact, BANK OF AMERICA,

23  N.A. has collected more than $50,000.00 in mortgage payments from the Plaintiffs

24  despite the fact that the Note in question is owned by CHL MORTGAGE PASS-

25  THROUGH TRUST 2005-HYB8. Neither BANK OF AMERICA, N.A., THE BANK

26  OF NEW YORK MELLON, or any other party can show that the underlying Note has

27  been assigned to either entity.

28       75.    The material misrepresentations were made by the Defendants with the

1   intent to cause Plaintiffs to reasonably rely on the misrepresentation in order to induce

2   the Plaintiffs to rely on the misrepresentations and pay mortgage payments to BANK

3   OF AMERICA, N.A. as well as to other parties.

4       76.    Defendants were aware of the misrepresentations and profited from them.

5       77.    As a direct and proximate result of the misrepresentations and

6   concealment Plaintiffs were damaged in an amount to be proven at time of trial.

7       78.    Defendants are guilty of malice, fraud and/or oppression.  Defendants'

8   actions in taking mortgage payments not due to them were malicious and done

9   willfully in conscious disregard of the rights and safety of Plaintiffs in that the actions

10  were calculated to injure Plaintiffs. As such Plaintiffs are entitled to recover, in

11  addition to actual damages, punitive damages to punish Defendants and to deter them

12  from engaging in future misconduct.

13                          ### THIRD CAUSE OF ACTION:

14                                  **QUIET TITLE**

15      **(As to All Defendants and All Persons Claiming by, through or Under Such**

16      **Person, All Persons Unknown Claiming Any Legal or Equitable Right,**

17      **Title, Estate, Lien or Interest in the Property described in the Complaint**

18      **Adverse to Plaintiff's Title Thereto and DOES 1 through 20)**

19      79.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs

20  as though fully set forth herein.

21      80.    Plaintiffs are the owners of the real property located at 1311 S.W. 27th

22  Avenue - Boynton Beach, Florida 33426.

23      81.    The basis of Plaintiff's title is a deed granting the above-described

24  property in fee simple to the Plaintiffs as of the date of purchase of the property.

25      82.    Plaintiffs are informed and believe and on such information and belief

26  allege that the Defendants and each of them, and all persons claiming by, through or

27  under such person, all persons unknown, claiming any legal or equitable title, estate,

28  lien or interest in the property described in the Complaint adverse to Plaintiffs title

1  thereto claim an interest adverse to Plaintiffs in the above-described property as
2  adverse interest of the holders of the Mortgage against the subject property.  The
3  Mortgage that has been recorded against the title to the subject property was recorded
4  in the official records of the County of Palm Beach, State of Florida.  Similarly the
5  Defendants including MERS and other unknown Defendants, specifically those
6  additionally designated as DOES 1 through 20, inclusive, claim interest in the
7  property adverse to Plaintiffs as assignees and successors of Defendants.

8      83.    Plaintiffs are seeking to quiet title against the claims of all Defendants
9  including the claims of all possessors of the Note, the possessors of beneficial title
10  and interest of the Mortgage recorded against title to the property, the claims of all
11  unknown Defendants whether or not the claim or cloud upon title is known to
12  Plaintiffs and the unknown, uncertain, or contingent claim, if any, of any Defendants
13  named herein or otherwise unknown.  The claims of Defendants are without any right
14  whatsoever and such Defendants have no right to title, estate, lien, or interest
15  whatsoever in the above-described property or any part thereof.

16      84.    Plaintiffs seek to quiet title as of a date to be determined by this
17  honorable court.

18      85.    Plaintiffs are entitled to equitable relief and quiet title by a judicial decree
19  and order declaring Plaintiffs to be the title owner of record of the property as to
20  effective date of said cancellation of any Mortgage recorded against title and quieting
21  Plaintiff's title therein and thereto subject only to such legitimate liens and
22  encumbrances as the court may deem void, and avoiding any liens or encumbrances
23  upon the property created by the Defendants or by their putative predecessors or by
24  any of them.  Plaintiff's Note has been paid off.  All of Plaintiff's Note obligations
25  have been satisfied.

26  / / / /
27  / / / /
28  / / / /

### FOURTH CAUSE OF ACTION

### DECLARATORY RELIEF

### (Against All Defendants)

86.    Plaintiffs are informed and believe and upon that basis allege that Defendants dispute Plaintiffs' contentions and instead contend the foreclosure sale or attempt to foreclose upon the property was valid or legal.

87.    An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights and duties regarding the Note and Trust Deed.

88.    Plaintiffs contend that pursuant to the transactions between COUNTRYWIDE HOME LOANS, INC., COUNTYWIDE HOME LOANS, INC., CWMBS, INC., and CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 do not have authority to foreclose upon and sell the subject Property.

89.    Plaintiffs therefore request a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

90.    Plaintiffs request a determination of the validity of the Trust Deeds utilized to foreclose as well as a judicial determination of whether any Defendant had the legal right to foreclose based upon the Mortgage.

91.    Plaintiffs request a determination of the validity of the Notice of Default.

92.    Plaintiffs request a determination of whether any Defendant had authority to foreclose on the Property.

93.    Plaintiffs request a determination of whether a foreclosure sale was valid and whether the title to the property should be returned to Plaintiffs free of encumbrance or lien of any Defendant or any other lender claiming ownership of the Note.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE REAL ESTATE AND SETTLEMENT PROCEDURES ACT, 12 U.S.C. §2601, ET SEQ. AND THE FEDERAL RESERVE ACTS, 24 C.F.R. §3500, ET SEQ.

### (Against All Defendants)

94.     Plaintiffs re-allege and incorporate by this reference all the allegations for the preceding paragraphs of this complaint as though fully set forth herein.

95.     The loans to Plaintiffs by Defendants, COUNTRYWIDE HOME LOANS, INC. are federally regulated mortgage loans defined in the Real Estate Settlement Procedures Act ("RESPA") and implemented by regulation acts which are broad in terms of the requirements.

96.     Defendants have violated the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. §2607(a) which provides: that "no person shall give and no person shall accept any fee, kickback or thing of value pursuant to any agreement or understanding, oral or otherwise that business incident to or a part of a real estate settlement service involving a federal related mortgage loan shall be referred to any person."

97.     Defendants also violated §8(a) of RESPA, 12 U.S.C. §2607(b) which provides that "no person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." Section 8 violations are further defined by 24 C.F.R. §3500.14, "prohibition against kickbacks and unearned fees."

98.     Also, HUD addressed payments in the form of Yield Spread Premiums ("YSP") and explained that "in some cases less scrupulous brokers and lenders take advantage of the complexity of the settlement transaction and use YSP as a way to enhance the probability of mortgage transactions without offering the borrower lower upfront fees." Id. at 53, 54.

99.     Defendant COUNTRYWIDE HOME LOANS, INC. paid to Defendants (14) a YSP on Plaintiffs loans and no Defendant offered Plaintiffs lower upfront fees for this YSP payment. To the contrary, Defendants implemented their fraud scheme against Plaintiffs and placed Plaintiffs into a more expensive loan then Plaintiffs were in prior to meeting the Defendants or should have been placed into based upon the Plaintiffs credit score and income.

100.    Moreover, HUD established a two part test for determining the legality of lender payments to mortgage brokers under RESPA: "(A) whether goods or facilities were actually furnished or the services were actually performed for the compensation paid, and (B) whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed." HUD, statement of policy 2001-1, 66 Fed. Reg. at 53, 052.

101.    In the case at bar, the Defendants, and each of them, engaged in goods/services that were not actually performed and where the payments were not actually related to the value of the goods/services because Defendants chose to implement their scheme as alleged above.

102.    Defendants acceptance of a YSP and/or other payments and Defendants COUNTRYWIDE HOME LOANS, INC. payment of that YSP or other payments was an unlawful kickback, unlawful fee splitting and/or an unearned fee under RESPA because it was not reasonably related to the performance of lawful services by the accepting Defendants.  Instead of performing lawful services, the accepting Defendants implemented their fraud scheme as alleged above.

103.    Defendant COUNTRYWIDE HOME LOANS, INC. should have known that the Defendants (14) did not earn the YSP or other payments because, interalia, ".... common industry practice is that lenders follow underwriting standards that demand a review of originations and therefore lenders typically know that brokers have performed the services required...." HUD's 2001-1 Policy Statement at 53055. If Defendant COUNTRYWIDE HOME LOANS, INC. had reviewed Plaintiffs loan

originations, including their loan applications, COUNTRYWIDE HOME LOANS, INC. would have learned of the obvious red flags said applications contained.

104.   Pursuant to 12 U.S.C. §2607(d), Plaintiffs are entitled to recover from Defendants and each of them in an amount equal to three times the amount of any and all charges for "settlement services" paid directly or indirectly by Plaintiffs as well as actual damages, court costs, attorney fees and other amounts or damages permissible under RESPA.

105.   By the actions described herein and as a proximate cause of Defendants conduct, Plaintiffs have been damaged in an amount to be proven at trial but not yet ascertained.

106.   Under 12 U.S.C. §2607(d), Plaintiffs ask for triple damages because Defendants knew or should have known their conduct was directed to Plaintiffs and the Defendants knew or should have known that their conduct would likely cause Plaintiffs injury.

107.   Wherefore, Plaintiffs pray for relief as set forth below.

### SIXTH CAUSE OF ACTION

### VIOLATION OF TILA, 15 U.S.C. §1641(g)

### (Against All Defendants)

108.   Plaintiffs re-allege and incorporate by this reference all the allegations for the preceding paragraphs of this complaint as though fully set forth herein.

109.   Under 15 U.S.C. §1641(g) "liability of assignees" federal law requires that when an entity purchases or is assigned the beneficial interests in a loan on a property it must notify the borrower in writing within thirty (30) days of when the loan is transferred.   (15 U.S.C. §1641(g))   Subsection (g) lists the particular information that the assignee noticed must contain.

110.   15 U.S.C. §1540 authorizes a civil action for violations of §1641 for (a) actual damages, or (b) statutory damages that include (i) damages equal to twice the amount of any finance charge or (ii) for a credit transaction secured by real property

in an amount not less than $400.00 and not greater than $4,000.00.  (15 U.S.C. §1640(a))

111.   Plaintiffs allege that based upon all of the purchases and assignments of the original promissory note as stated in this complaint that the Defendants and each of them have failed to properly notify Plaintiffs of each respective transfer of ownership of the original promissory note.  As a result, and based upon the failure of the Defendants and each of them to notify the Plaintiffs of each subsequent sale of the subject promissory note related to Plaintiffs' mortgage/deed of trust, that Plaintiffs have been damaged in an amount that will be determined at time of trial.

112.   Plaintiffs allege that each assignment of their promissory note/mortgage required the Defendants and each of them to notify him within thirty (30) days of when his loan had been transferred.  Plaintiffs contend that each Defendant violated 15 U.S.C. §1640, et seq. in that no notice was ever provided to the Plaintiffs of the sale of their promissory note to each subsequent purchaser of their note.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs, will ask for the following for each Cause of Action to be awarded:

**FIRST CAUSE OF ACTION**

1.   For Compensatory Damages in an amount to be determined by proof at trial;

2.   For Special Damages in an amount to be determined by proof at trial;

3.   For General Damages in an amount to be determined by proof at trial;

4.   For Punitive Damages as allowed by law;

5.   For Restitution as allowed by law;

6.   For Attorney's Fees and Costs of this action;

7.   For Declaratory Relief, including but not limited to the following Decrees of this Court that:

a.   Plaintiffs are the prevailing party;

b.      The Trustees of the REMIC Trusts have no enforceable secured or unsecured claim against the Property;

c.      The Sponsor has no enforceable secured or unsecured claim against the Property;

d.      The Depositor has no enforceable secured or unsecured claim against the Property; and

e.      The Mortgage Originator has no enforceable secured or unsecured claim against the Property.

## SECOND CAUSE OF ACTION

1.      For Compensatory Damages in an amount to be determined by proof at trial;

2.      For Special Damages in an amount to be determined by proof at trial;

3.      For General Damages in an amount to be determined by proof at trial;

4.      For Punitive Damages as allowed by law; and

5.      For Restitution as allowed by law.

## THIRD CAUSE OF ACTION

1.      For Compensatory Damages in an amount to be determined by proof at trial;

2.      For Special Damages in an amount to be determined by proof at trial;

3.      For General Damages in an amount to be determined by proof at trial;

4.      For Punitive Damages as allowed by law;

5.      For Restitution as allowed by law;

6.      For Attorney's Fees and Costs of this action;

7.      For Declaratory Relief, including but not limited to the following Decrees of this Court that:

a.      Plaintiffs are the prevailing party;

b.      No Defendant has an enforceable secured or unsecured claim. The Note in question has been paid off in its entirety;

c.      Neither CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB8 nor any other financial institution have an enforceable secured or unsecured claim against the Property; and

d.      All mortgages or Deeds of Trust are hereby deemed void.   The current Trustee of the Mortgage in this case should reconvey title to the subject Property to Plaintiffs.

**FOURTH CAUSE OF ACTION**

1.      For Compensatory Damages in an amount to be determined by proof at trial;

2.      For Special Damages in an amount to be determined by proof at trial;

3.      For General Damages in an amount to be determined by proof at trial;

4.      For Punitive Damages as allowed by law;

5.      For Restitution as allowed by law;

6.      For Attorney's Fees and Costs of this action;

7.      For Declaratory Relief, including but not limited to the following Decrees of this Court that:

a.      Plaintiffs are the prevailing party;

b.      No Defendant has the legal right to foreclose on Plaintiffs' property;

c.      No Defendant has an enforceable secured or unsecured claim against the property;

d.      The original Deed of Trust is null and void due to the fact that the Note it was created to secure has been sold to third parties without any assignment of the Deed of Trust to those parties; and

e.      The assignment of the Deed of Trust by MERS to any party or legal entity is invalid.

**FIFTH CAUSE OF ACTION**

1.      For Compensatory Damages in an amount to be determined by proof at

trial;

    2.     For Special Damages in an amount to be determined by proof at trial;

    3.     For General Damages in an amount to be determined by proof at trial;

    4.     For Punitive Damages as allowed by law;

    5.     For Restitution as allowed by law; and

    6.     For Attorney's Fees and Costs of this action.

## SIXTH CAUSE OF ACTION

    1.     For Compensatory Damages in an amount to be determined by proof at trial.

    2.     For Special Damages in an amount to be determined by proof at trial.

    3.     For General Damages in an amount to be determined by proof at trial.

    4.     For Punitive Damages as allowed by law.

    5.     For Restitution as allowed by law.

    6.     For Attorney's Fees and Costs of this action.

Dated: _8/6/12_         By: _____
                            ROBERT A. FELICIANO
                            Plaintiff In Pro Se

Dated: _8/6/12_         By: _____
                            CATRINA FELICIANO
                            Plaintiff In Pro Se

1

## VERIFICATION OF PLAINTIFFS

2   We, ROBERT A. FELICIANO and CATRINA FELICIANO are Plaintiffs in

3   the above entitled action.   We have read the foregoing complaint and know its

4   contents thereon.  The same is true of our own knowledge, except as to those matters

5   which are therein stated on information and belief, and as to those matters, we believe

6   them to be true.

7   We declare under penalty of perjury under the laws of the State of Florida that

8   the foregoing is true and correct.

9   Dated: _8-6-12_

10                                                    By: _____

11                                                    ROBERT A. FELICIANO
                                                     Plaintiff In Pro Se

12   Dated: _8|6|12_                       By: _____

13                                                    CATRINA FELICIANO
                                                     Plaintiff In Pro Se

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28